IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUDSON PALMER HOMES, INC., *et al.* | |
| Plaintiffs, | |
| v. | MISCELLANEOUS ACTION |
| CRUM & FOSTER SPECIALTY INSURANCE CO., *et al.* | No. 20-64 |
| Defendants. | |

**MEMORANDUM**

**SCHMEHL, J.  /s/ JLS**　　　　　　　　　　　　　　　　　　　　　**November 16, 2020**

　　　　Presently before the Court is a Chapter 7 trustee's and an insurance company's (the "movants") joint motion for withdrawal of reference of a bankruptcy proceeding. The reference to be withdrawn from bankruptcy is the movants' motion to approve their settlement agreement. For the reasons set out below, the movants have failed to meet their burden of proving that withdrawal of reference is proper under these circumstances. Accordingly, the motion to approve their settlement agreement shall remain in the underlying bankruptcy case.[1]

**Relevant Factual Background**

　　　　This case stems from defective stucco in homes and the faulty construction of the exterior of homes built by Hudson Palmer homes, formerly known as The Cutler Group or The David Cutler Group. (ECF #3, at 3-4; ECF #5, at 2.) The defective work product affected hundreds of

---

[1] Movants also move to strike some responses to their motion for withdrawal because the responses were untimely. Movants only allege that the responses were untimely, they do not allege, nor does the Court find any, prejudice in the untimeliness of the responses. Thus, movants' motions to strike are denied. *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 326-28 (3d Cir. 2012).

1

homes and caused significant damage. Consequently, the homeowners brought legal claims, and Hudson Palmer Homes (the "debtor") filed for bankruptcy. Now, hundreds of creditors seek to obtain any kind of property from the debtor's bankruptcy estate to satisfy their judgments, liens, and debts.

A main issue in the debtor's bankruptcy is whether the debtor's insurers are obligated to pay, defend, and/or indemnify the debtor. The crux of this issue is whether the insurance agreements are valid, or whether they are invalid as a matter of law because of fraud in the procurement of the insurance agreements.

Gary Seitz is the Chapter 7 Trustee to the debtor and is one of the two movants in this joint motion. The other movant is Starstone National Insurance Company, an insurer of the debtor. Seitz and Starstone came to a settlement agreement concerning Starstone's insurance coverage. From what can be understood from the parties' factual averments, the settlement agreement purportedly considers the potential of fraud in the procurement of the insurance agreement, and Starstone's potential coverage of $20,000,000. (ECF #5, at 2-3.) Seitz, acting on behalf of the debtor, settled with Starstone in the amount of $222,563.[2] (*Id.*)

In the "main" bankruptcy case, the debtor and Starstone motioned the bankruptcy court to approve their settlement agreement. (ECF #3, at 7-9.) Unsurprisingly the motion was met with opposition from creditors. The motion remained with the bankruptcy court for some time, then when the presiding bankruptcy judge retired, Seitz and Starstone jointly filed the present motion for withdrawal of reference. Out of the underlying bankruptcy case, Seitz and Starstone only asks this Court to withdraw their motion to approve their settlement agreement and nothing more. In

---

[2] While the settlement agreement and its terms are not directly in dispute on this motion, I feel inclined to mention, as the parties point out, that this settlement agreement is just 1% of Starstone's potential coverage. (*Id.*) Why Seitz believes that 1% of Starstone's potential coverage is a fair and reasonable settlement amount will remain an issue for the bankruptcy court to decide.

response, hundreds of homeowners object, and ask this Court to deny the withdrawal and permit the bankruptcy court to decide the motion to approve the settlement agreement.

## Analysis

District courts *may* withdraw reference of a bankruptcy proceeding "on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). For such permissive withdrawals, the movant bears the burden of persuasion regarding "cause shown." *In re Earth Pride Organics, LLC*, 602 B.R. 1, 12 (E.D. Pa. 2019). A court should predominantly look to whether the proceeding to be withdrawn is a "core" or "non-core" proceeding of the underlying bankruptcy case. *In re Mullarkey*, 536 F.3d 215, 221 (3d Cir. 2008). A court should also "at least consider" factors such as "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, expediting the bankruptcy process," and the timing of the withdrawal of the reference. *In re Earth Pride Organics, LLC*, 602 B.R. at 12-13 (citations omitted).

The threshold inquiry of whether the proceeding to be withdrawn is "core" or "non-core" depends on whether the bankruptcy court has authority to issue a final order. *In re Mullarkey*, 536 F.3d at 221. To aid in this inquiry 28 U.S.C. section 157 provides, in part, "[c]ore proceedings include, but are not limited to--" matters concerning the administration of the estate, allowance or disallowance of claims against the estate, orders approving the sale of property, other proceedings affecting the liquidation of the assets of the estate, and more. 28 U.S.C. § 157(b)(2)(A, B, N, O).

Here, the movants seek to withdraw a motion to approve their settlement agreement—a core proceeding in the underlying bankruptcy case. A motion to approve a settlement agreement fits into any of the above four subsections of 28 U.S.C section 157(b)(2). Indeed, the Third

Circuit stated that motions to approve settlement agreements are core proceedings within a bankruptcy court's authority. *In re New Century TRS Holding, Inc.*, 544 Fed.Appx. 70, 72-73 (3d. Cir. 2013). Additionally, a creditor may consent to a bankruptcy court's authority to approve a settlement when such consent is in the settlement agreement itself. *Id.* at 73 (citing *Stern v. Marshall*, 564 U.S. 462, 481-82 (2011)). The movants' settlement agreement states: "This matter is a core proceeding pursuant to Section 157(b)(2) of Title 28 of the United States Code." (ECF # 3, at 14.)

      Furthermore, Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that bankruptcy courts may approve settlement agreements upon motion by the trustee and notice to all creditors. Fed.R.Bankr.P. 9019(a); *In re Derosa-Grund*, 567 B.R. 773, 781 (Bankr. S.D. Tex. 2017) ("Approval of any compromise proposed under Rule 9019 is a final order.") (citing *In re Nutraquest, Inc.* 434 F.3d 639, 643-44 (3d Cir. 2006); *see also In re Key3media Group, Inc.*, 336 B.R. 87, 92-93 (Bankr. D.Del. 2005). Here, the movants motioned the underlying bankruptcy court to approve their settlement agreement and notified hundreds of creditors. In return, hundreds of creditors, mainly the homeowners, objected to the settlement. It follows that, the bankruptcy court has the authority to issue an order on the motion to approve the settlement agreement under Bankruptcy Rule 9019.

      The other factors that we should consider do not persuade the Court to withdraw the reference. The parties exchange arguments on whether the proceedings will be more efficient here or in bankruptcy, how the parties' resources are best deployed, and whether the movants are forum shopping to this Court. Ultimately, it is the movants' burden to persuade the Court to withdraw the reference. The movants failed to meet that burden. It cannot be confidently stated that adjudication of the settlement agreement is best served in this Court rather than the

underlying bankruptcy case. But it can be confidently stated that the bankruptcy court can issue a final order regarding the settlement agreement, and that is what I find is most appropriate under the circumstances.

## **Conclusion**

For all of the reasons set out above, the movants' motion to withdraw the reference is DENIED, the movants' motions to strike are DENIED, and therefore, the case is dismissed.